# UNITED STATES BANKRUPTCY COURT CENTRAL DSTRICT OF CALIFORIA

## CASE NO.: 2:14-BK-31355-NB

## Notice of Appeal for Order Denying Debtor´s Motion to Convert Chapter # 7 to Chapter # 13



FILED
CLERK, U.S. DISTRICT COURT
09/10/2015
CENTRAL DISTRICT OF CALIFORNIA
BY: AP      DEPUTY

DC No  2:15-cv-07159-DMG

FILED
SEP 08 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

**Janice Rene Haynes - IN PRO SE**

*Plaintiffs-Appellants*

Versus

**Trustee Timothy Yoo**

*Defendants-Appellees*

---

## Notice of Appeal for Order Denying Debtor´s Motion to Convert Chapter # 7 to Chapter # 13

---

Notice of Appeal from The United States Bankruptcy Court

For the Central District of California Los Angeles

Case No.: 2:14-BK-31355-NB

The Honorable Judge Neil W. Bason

**Janice Rene Haynes** - In Pro Se

4859 W. Slauson # 174 St.

Los Angeles, CA 90056

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Janice Rene Haynes ( Pro Se)<br>4859 W. Slauson Ave #174<br>Los Angeles, Ca 90056<br><br>Telephone 310 529-0581<br><br>e-mail : twosweet88@yahoo.com<br><br><br><br>Attorney for Appellant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - Central _____ DIVISION**

| In re:<br><br>Janice Rene Haynes<br><br><br><br>Debtor(s). | CASE NO.: 2:14-bk-31355 NB<br>2:14-bk- 31355 NB ✓<br>ADVERSARY NO.:<br>(*if applicable*)<br>CHAPTER: 7<br><br>**NOTICE OF APPEAL<br>AND STATEMENT OF ELECTION** |
|---|---|

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s):
   Janice Rene Haynes

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.

   ❏ Plaintiff
   ❏ Defendant
   ❏ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.

   ☑ Debtor
   ❏ Creditor
   ❏ Trustee
   ❏ Other (describe) _____

December 2014        Page 1        Official Form B 17A

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Order Denying Debtor's Motion To Conver

2. State the date on which the judgment, order, or decree was entered: 09/26/2015

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Timothy Yoo (TR)     Attorney: Lindsey L Smith on behalf Of Trustee Timothy Yoo

2. Party: Janice Haynes     Attorney: Pro Se

### Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

- [x] Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

### Part 5: Sign below

_[signature]_
Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: 09/28/2015

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Janice Rene Haynes

4859 W Slauson Ave # 174

LOs Angeles, Ca 90056

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Tamar Terzian (CA BAR NO. 254148)<br>terzian@kingobk.com<br>**TERZIAN LAW GROUP**<br>315 W. Arden Ave., Suite 28<br>Glendale, CA 91203<br><br>Tel:  (818) 242-100<br>Fax:  (818) 242-1012 | **FILED & ENTERED**<br><br>AUG 26 2015<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY sumlin    DEPUTY CLERK |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Janice Rene Haynes, Debtor | **CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>JANICE RENE HAYNES,<br><br><br>                                   Debtor. | CASE NO.: 7<br>CHAPTER: 2:14-bk-31355-NB |
|---|---|
| | **ORDER:**<br><br>☐ **GRANTING APPLICATION AND SETTING HEARING ON SHORTENED NOTICE**<br><br>☒ **DENYING APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE;**<br>***AND DENYING UNDERLYING MOTION WITH PREJUDICE***<br>**[LBR 9075-1(b)]** |

**Movant** (*name*):  **JANICE RENE HAYNES**

1. Movant filed the following motion together with supporting declarations and (if any) supporting documents:

    a. *Title of motion:*  "EMERGENCY MOTION TO APPLY HOMESTEAD EXEMPTION AND CONVERT TO CHAPTER 13; DECLARATON OF JANICE RENE HAYNES IN SUPPORT THEREOF"

    b. *Date of filing of motion:* **8/26/2015**

2. Pursuant to LBR 9075-1(b), movant also filed an Application for Order Setting Hearing on Shortened Notice (Application) together with supporting declaration(s):

    *Date of filing of Application:* **8/26/2015**

3. Based upon the court's review of the application, it is ordered that:

    a. ☒ The Application is denied **with prejudice**. ~~The motion may be brought on regular notice pursuant to LBRs.~~ *The underlying motion (dkt. 107) is also denied with prejudice.*

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013                                    Page 1                    F 9075-1.1.ORDER.SHORT.NOTICE

b. ☐ The Application is granted, and it is further ordered that:

4. ☒ Other:

    *This court has reviewed the Debtor's "emergency motion to apply homestead exemption and convert to chapter 13" (dkt. 107, the "Emergency Motion") and application for order shortening time (dkt. 108), as well as records from prior hearings and the filed documents in this case.*

    *(a) <u>False statements</u>. The undersigned Bankruptcy Judge is disregarding the Debtor's false statements. For example, the Emergency Motion asserts that at the 4/14/15 hearing "counsel for the Chapter 7 Trustee represented that she could get the taxes reassessed, and the Court acknowledged that if the Chapter 7 Trustee could reassess the taxes then [the Debtor] would be able to keep the Property" (Emergency Motion at 12:16-18). This is false. In fact, at the 4/14/15 hearing counsel for the chapter 7 trustee offered to <u>try</u> to facilitate a speedy resolution with the IRS before the Property had to be sold, and the undersigned Bankruptcy Judge did <u>not</u> "acknowledge[]" (or make any advisory ruling) that she would be able to keep the Property if taxes were reassessed.*

    *(2) <u>Lack of basis to claim a homestead exemption</u>. The Debtor's counsel argues that the Debtor should be able to claim a homestead exemption in the Property now. This ignores the facts that (a) the debtor was not residing in the Property when her case was filed, so she is not entitled to a homestead exemption (as this court has previously ruled (dkt. 54));[1] and (b) she does not cite any authority that she can ignore exemption law and create her own exemption because of allegedly having received bad advice pre-petition.*

    *(3) <u>Lack of basis for conversion to chapter 13</u>. The Debtor's counsel argues in the alternative that the Debtor should be permitted to convert to chapter 13. This court has previously denied a motion by the Debtor to convert her case to one under chapter 13. See Dkt. 74. At the 5/26/15 hearing on the Debtor's prior motion to convert this court made clear that conversion would not be granted unless, <u>at a minimum</u>, (a) the Debtor compensated the chapter 7 trustee and his counsel for administrative expenses incurred in this case and (b) the Debtor proposed a viable chapter 13 plan to pay her creditors, or other acceptable arrangement. The Debtor now suggests that she will obtain family contributions to pay the trustee over time (in unspecified amounts and at unspecified times) and fund a plan (the terms of which are also unspecified) (Emergency Motion at 6:8-9). Such family contributions were supposedly evidenced by concurrently filed declarations of the donors. But as of the preparation of this order, no such declarations had been filed. Nor is there an outline of any proposed chapter 13 plan showing how the debtor could pay in full her debts owed to (i) the chapter 7 trustee and his counsel and (ii) the IRS.*

    *(4) <u>Multiple accommodations by chapter 7 trustee and this court</u>. The undersigned Bankruptcy Judge recognizes that the Debtor's situation is very unfortunate, and has attempted on multiple occasions to provide additional opportunities for her to pursue possible avenues for relief. In addition, the chapter 7 trustee has attempted to accommodate the Debtor in numerous ways that are apparent from the record before this court, and has even voluntarily reduced fees (according to statements at prior hearings). But after many accommodations the Debtor has failed to come forward with any viable alternative, and her continual "emergency" motions after months of opportunity to make whatever arrangements might be feasible and realistic are consuming too much of the limited resources of this court, the chapter 7 trustee, and the bankruptcy estate. The undersigned Bankruptcy Judge has suggested to the Debtor that her misguided efforts are doing nothing but increasing the administrative expenses and reducing any recovery she might eventually receive from a sale of the property. She has ignored that suggestion. The Debtor's latest papers are "too little, too late." Both the application to shorten time and the underlying motion are **DENIED with prejudice**.*

Date: August 26, 2015

                                            *[signature]*
                                            Neil W. Bason
                                            United States Bankruptcy Judge

---

[1] *The Debtor apparently still is not residing in the Property (she concedes that the chapter 7 trustee's broker changed the locks), although that makes no difference to this ruling.*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013    Page 2    F 9075-1.1.ORDER.SHORT.NOTICE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4160 Martin dr LA Ca 9008

A true and correct copy of the foregoing document entitled (specify): Notice Of Appeal For Ordering Debtor's Motion To Convert from a Chapter 7 to a Chapter 13  § Claim Homestead

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MA**
On (date) 05/29/2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Chapter 7 Trustee
Timothy Yoo
Levene Neale Bender Yoo & Brill LLP
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017

Lindsey L. Smith, Esq.
Levene Neale Bender Yoo & Brill LLP
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017

United States Trustee
915 Wilshire Blvd Ste 1850
Los Angeles, CA 90017

continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 5-29-15, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Chapter 7 Trustee
Timothy Yoo
Levene Neale Bender Yoo & Brill LLP
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017

Lindsey L. Smith, Esq.
Levene Neale Bender Yoo & Brill LLP
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/08/2015 | n Jackson | William Burden |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-3.1.PROOF.SERVICE