ORIGINAL

JANICE HAYNES
4859 W SLAUSON AVE #174
LOS ANGELES, CA 90056
310 529-0581
twosweet88@yahoo.com
Appellant

2015 DEC -2  PM 4:22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

# UNITED STATES DISTRICT COURT

# CENTRAL JUDICIAL DISTRICT

# REPLY
## CASE 2:15-CV-07159-AB

JANICE HAYNES
Appellant,

v.

TIMOTHY YOO, TRUSTEE
Appellee.

On Appeal from the Final Order and Judgment
Of the United States Bankruptcy Court
For the Central District
(Hon. Neil Bason, Presiding)

TO THE HONORABLE ANDRE` BIROTTE JR.
UNITED STATES DISTRICT
COURT CENTRAL DISTRICT

On December 1, 2015 at 10:00 Honorable Neil. Bason, United States Bankruptcy Judge, the court held a telephonic hearing on the Debtor's Application For Order For Stay Of Sale Of Real Property Of Estate Real Property at 1929 Barton Way Hayward, Ca. Pending Appeal. Janice Haynes (the "Debtor"), appeared in pro se. Lindsey L. Smith of Levene, Neale, Bender, Yoo & Brill appeared on behalf of Timothy Yoo, Chapter 7 Trustee. Judge Neil Bason, after hearing Appellant/Debtor arguments only, he adopted his tentative ruling denying Debtor's Application For Stay Order. (Ex. 1) Court having reached their decision and following procedure the appellant has arrived at this court in reply to the response of the Opposition. Appellant applied for Stay and state as follows.

## I. STATEMENT OF RELEVANT FACTS

On November 14, 2014, Appellant filed a voluntary petition under Chapter 7 of 11 U.S.C 101 Et seq.( the "Bankruptcy Code") [Docket No. 1 in the United States Bankruptcy Court Case Number 2:14-bk-31355-NB (the "Bankruptcy Case")].

On February 9, 2015, the Debtor filed a motion to dismiss the bankruptcy case once it was discovered that the bankruptcy preparer Trevor Budhu, had given the Debtor incorrect legal advice. The Bankruptcy Court entered an order denying the motion to dismiss. Judge Bason stated the debtor There were other options for example "Chapter 13." During a subsequent hearing when the debtor stated that she wish to convert to a Chapter 13, Judge Bason stated it's not time yet I will let you

know when.

Thereafter, on May 12, 2015, the Debtor filed a motion to convert her case to a Chapter 13 of the Bankruptcy Code and on May 14, 2015. The Debtor filed an amended motion to convert her case to one under Chapter 13 of the Bankruptcy Code. Judge Bason did not notify Debtor as stated in court. The case continued on and the Court issued an Order to proceed with the sale.

Thereafter, on May 28, 2015, the Debtor filed a notice of appeal to the United States District Court For the Central District of California ( the " District Court") of the order denying the First Motion to Convert, thereby commencing Case No. 2:15-cv-04236-AB (" First Appeal"). The Appellant at the urgence of the attorney of record Tamar Kouyiam allowed case to be dismissed. The attorney's understanding at that point was the case was to be settled. She was in negotiations with the trustee's attorney Lindsey L. Smith. However, the trustee and trustee's counsel negotiating in bad faith continued to change the settlement amount by continually adding fees. Trustee and his counsel used stalling tactics and continued to work with the broker from as early as December 2014. The appeal was dismissed by the District Court by Court order entered on August 3, 2015 due to the Debtor's failure to prosecute.

On May 26, 2015 a Status Conference Hearing was held and two days prior on May 24, 2015 Sunday night after 7:15 pm. Trustee's counsel filed a motion. The motion was e-mailed at 7:19 p.m. Debtor did not review the documents because she never gave the trustee's counsel in writing permission for service by e-mail. Moreover, the next day was a court holiday and service was improper. Actual documents were received three days after the hearing. Debtor notified the court orally that it was improper service. Judge Bason, allowed the trustee to proceed with the sale. Judge Bason stated to the Debtor " Either the property will get sold or you be able to pull a rabbit out of the hat."

1  On August 26, 2015, the Appellant filed an emergency motion seeking among other things, a Court Order, dismissing the Debtor's Bankruptcy Case or converting it to one under Chapter 13 of the Bankruptcy Code. The submissions to the court displayed ample income to support a Chapter 13 conversion. Debtor had declarations to show additional $4000.00 to be provided monthly in addition to her income of $ 3600.00. Lastly, Debtor at that time had received her license for California State Bail Bondsman.  Clearly establishing gainful employment having been obtained to establish as well that there had been a change in circumstances involving income(qualifying this Debtor for a Chapter 13 conversion, if necessary.  The Court stated that the Debtor was still not in the home but that was incorrect. Debtor was in the home and provided e-mail where the trustee's counsel was aware and stated that the trustee was calling the authorities. Bankruptcy Court entered an order denying with predjudice.

On October 6, 2015, Appellee filed the *Motion for order (1) Authorizing Sale of Real Property; (2) Approving Overbid Procedure; (3) Approving Payment of Commissions; and (4) Finding Purchaser Is a Good Faith Purchasere:* Appellant filed an opposition to the Sale Motion on October 13, 2015 as The deadline less than 7 days.

On October 27, 2015  Judge Neil Bason dismissed the Adversary Proceedings and evidentiary.The Court addressed the next item on the docket the Order To Sale Real Property. Judge Bason stated to Debtor (paraphrase) nothing you say or do today will stop was happening here. You need to go to the District Court where you filed your appeal and seek a Stay in that Court.

On November 17, 2015 the Appellant filed an Ex parte Application in United States District Court. On November 20,  Honorable Judge Andre` Birotte Jr. issued an Order Staying The Third Ex Parte Application Stay Pending Appeal. Appellant was instructed to file an Reply with the U.S Bankruptcy

Court decision re: the Ex Parte Application Pursuant to Rule 8007 F.R.B.P.

On December 1, 2015 Telephonic Hearing with Judge Neil Bason US Bankruptcy Court Judge. Appellant/ Debtor spoke and stated for the record (1) Onset Of the case Debtor stated that the video on the 9th floor states before we go any further is this the right thing for you? Debtor was not afforded the protection under the Bankruptcy Court and allowed to dimiss the case. The Court was aware that the Debtor was given incorrect legal advice by the bankruptcy preparer. The Court sanctioned the preparer and fined him $ 4000.00 on November 10, 2015. (2) Trustee counsel continued to interfere with the tenants making it virtually impossible for the Debtor to move in and claim the Homestead Exemption. But for the actions of the trustee and his counsel Debtor/ Appellant would have been moved in months ago. (3) Trustee and his counsel resorted to blackmail and extortion when requesting $ 50,000 and out of that pay $ 5000 to the broker. Violation of the 1974 RESPA ACT it is illegal for a brokers/ realtor to receive one cent outside of escrow. The trustee and counsel wanted the Debtor/ Appellant to agree not to oppose the payment. Fully knowing that it's illegal to illicit illegal funds. Violation of the RICO ACT and the FBI has taken a report. (4) Debtor/Appellant was in the home and trustee and his counsel stated they would call the authorities. (5) Instructed by the Departement Of Real Estate to file a complaint and attach the e-mail. Complaint was filed and submitted to the Bankruptcy Court.(6) IRS stated in an e-mail that they would not oppose the dismissal. IRS is not interested in the Debtors home and case is to be heard in the U.S Tax Court in February 2016.

## II.    ARGUMENT

**A.  The Appellant Has Complied With Federal Rule Of Bankruptcy Procedure 8007**

The Bankruptcy Court prior statements had made it clear that Debtor would not receive any relief in this court. Appellant was instructed by the Judge Bason to seek relief in the District

Court where she had filed her Appeal. Appellant was not filing frivolous motions but listen to Judge Bason's direction.

### B. The Appellee and Counsel Have Not Complied With F.R.B.P On Multiple Occassions

The counsel has circumvented the Rules lack of proper service . Allowed to change a Status Conference Hearing and be heard on (1) Trustee's counsel Chapter 7 Trustee's Opposition to Debtor's Motion to Convert Chapter 7 Case to Chapter 13 And Request For Hearing ; Declaration (2) Request For Judicial Notice In Support Of Chapter 7 Trustee's Opposition to Debtors's Motion To Convert Chapter 7 Case To Chapter 13. The trustee's counsel e-mailed appove documentation to The Appellant on Sunday May 24, 2015 at 7:17pm . Monday was Memorial Day and the Status Conference Hearing was scheduled for Tuesday May 26, 2015. The Court at that time stated Okay to proceed with the Sale of the Debtor's home.

On October 27, 2015 per the Courts Order The Sale Order Lodgment was to be filed within 7 days. It was filed on the 8th day. Appellant requested to Vacate and set aside Order. Denied by Judge Bason stating that it gave the Debtor more time.

### C. The Appellant Has Demostrated That She Is Entitled To A Stay Pending Appeal

### STANDARD FOR GRANTING AN EMERGENCY STAY ON APPEAL

To obtain a Stay or Injunction, the Court must find that (1) the moving party will suffer irreparable Injury if the relief is denied, (2) the moving party will probably prevail on merits, (3) the balance of Potential harm favors the moving party, and (4) the public interest favors granting relief. *Cassin v. Bowen,* 824 F. 2d 791 (9th Cir. 1987); see also *Winter v. Natural Resources Defense Council, Inc.,* 555 US 7,20(2008)

///

15

///

Dated: December 2, 2015                    Respectfully Submitted,

                                           /s/ Janice Haynes
                                           _____
                                           JANICE HAYNES, Appellant/Debtor, Pro Se

///
///
///

*Note: Additionally, DURING THE HEARING JUDGE BASON INQUIRED About the Bank of America invalid claim. He asked Debtor was this in regards to her Mortgage. Debtor replied "No" My mortgage was reaffirmed and was not a subject of the bankruptcy. He replied, "Credit card & statue of limitations," "Yes" replied Debtor. Trustee + Counsel were administering to an invalid claim dated 2007, IRS had already returned Case to US tax Court to be heard Feb, 16 2016.

                                           /s/ Janice Haynes
                                           Apologize to the Court.

1  ///

2  Dated:  December 2, 2015					Respectfully Submitted,

				*[signature: Janice Haynes]*

				JANICE HAYNES, Appellant/Debtor, Pro Se

8  ///

9  ///

10  ///

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, December 01, 2015**　　　　　　　　　　　　　　　　　　Hearing Room　1545

**10:00 AM**
**2:14-31355　Janice Rene Haynes**　　　　　　　　　　　　　　　　　　Chapter 7

　　#1.00　Hrg re: Motion for stay pending appeal

　　　　　　　　　Docket　　0

**Tentative Ruling:**

　　Deny. Telephonic appearances required (see dkt. 153, the "Telephonic Hearing Order").

　　(1) Sale Order. The debtor apparently seeks (dkt. 157) a stay of this court's order authorizing the chapter 7 trustee to sell the property located at 1929 Barton Way, Hayward, California 94545-1953 ("Sale Order") (dkt. 143). The debtor did not file any notice of appeal from that order, and more than 14 days have passed since it was entered on the docket (on 11/5/15) so the Sale Order is final. This court is not persuaded that there was any error in that order, for the reasons expressed on multiple occasions (see, e.g., dkt. 110, 146). Accordingly, to the extent that the debtor's application seeks to stay the Sale Order, the tentative ruling is to deny that application.

　　(2) Order denying motion to "apply" alleged homestead exemption and to convert. There is an appeal (dkt. 116), pending before the District Court, of this court's order denying the debtor's motion to "apply" her alleged homestead exemption and convert her case to chapter 13 (dkt. 110, the "Homestead/Conversion Order"). The District Court has twice denied (dkt. 150, 152) the debtor's requests for a stay on the basis that the debtor has not sought a stay in this court. Accordingly, it appears that the debtor's latest application (dkt. 157) probably is intended to seek a stay of both the (final) Sale Order and the Homestead/Conversion Order pending her appeal of the latter order. The tentative ruling is to deny her application for the following reasons.
　　　　(a) Service. The Telephonic Hearing Order directed service on a number of persons and entities (dkt. 153, p. 2 para 3). The proof of service attached to the Application for Stay Pending Appeal does not show such service (dkt. 157, p. 14).
　　　　(b) Likelihood of success etc. Courts generally look to the following factors in determining whether to grant a stay pending appeal under Federal

# United States Bankruptcy Court
# Central District of California
## Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, December 01, 2015**  Hearing Room  **1545**

**10:00 AM**
**CONT...**   **Janice Rene Haynes**   Chapter 7

Rule of Bankruptcy Procedure 8007(a):

(1) Movant's likelihood of success on the merits of the appeal; (2) significant and/or irreparable harm that will come to Movant absent a stay; (3) harm to the adverse party if a stay is granted; and (4) where the public interest lies. [*In re N. Plaza, LLC*, 395 B.R. 113, 119 (S.D. Cal. 2008) (decided under former FRBP 8005(a)) *See also In re Red Mountain Mach. Co.*, 451 B.R. 897, 899-900 (Bankr. D. Ariz. 2011); 10 *Collier on Bankruptcy* Para. 8007.07 (16th Ed.)].

This court is not persuaded that the debtor has any significant likelihood of success on appeal, both (i) on the merits (for the reasons expressed on multiple occasions, *see, e.g.,* dkt. 110, 146), and in addition (ii) because the lack of any stay of the Sale Order likely will render her appeal moot very quickly, when the sale closes. In addition, the potential harm to the debtor of losing her rental property (which she asserts is her homestead, without timely or even untimely presenting any meaningful evidence for that assertion) must be weighed against (i) the harm to the purchaser of having the closing of the court-approved sale denied and (ii) the harm to the bankruptcy system if sales such as this one are substantially delayed - such delays inevitably will depress bidding for bankruptcy assets and thereby harm all parties in interest (all creditors, the debtor, and the bankruptcy trustee are all harmed if the bidding on assets is chilled).

For all of the foregoing reasons, the tentative ruling is to deny the debtor's application.

If you do not appear, and the matter is not adequately resolved by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

| **Party Information** |
|---|

**Debtor(s):**

Janice Rene Haynes                                                       Pro Se

**Trustee(s):**

Timothy Yoo (TR)                                                          Represented By

BUREAU OF REAL ESTATE
320 W. 4TH STREET, SUITE 350
LOS ANGELES, CA 90013-1105
(213) 620-2072



October 28, 2015

JANICE HAYNES
4859 W SLAUSON AVE #174
LOS ANGELES CA 90056

RE: PC # 5-15-1028-003
     BMP Realty Inc ; Keller Williams Realty Pelosi Partners

Dear Janice Haynes:

This will acknowledge receipt of your correspondence received on 10/13/2015. Your correspondence is currently under review.

When we have completed our review, you will be notified of our final disposition. Should you have reason to contact us, please do so in writing to the above-shown address and to the attention of our "Pre-Complaint Section," making reference to the above-specified CalBRE file number.

Thank you for contacting the Bureau of Real Estate.

Sincerely,

Kevin M. Cohen
Program Technician III
Los Angeles Enforcement Office

KMC

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| PETER C. ANDERSON<br>UNITED STATES TRUSTEE<br>JILL M. STURTEVANT, SBN 089395<br>ASSISTANT UNITED STATES TRUSTEE<br>RON MAROKO, SBN 124770, TRIAL ATTORNEY<br>OFFICE OF THE UNITED STATES TRUSTEE<br>725 South Figueroa Street, Suite 2600<br>Los Angeles, California 90017-5418<br>(213) 894-4520 telephone; (213) 894-2603 facsimile<br>ron.maroko@usdoj.gov<br><br>☐ Individual *appearing without an attorney*<br>☒ Attorney for: United States Trustee | |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>JANICE RENE HAYNES,<br><br><br><br><br>Debtor(s) | CASE NO.: 2:14-bk-31355-NB<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** *(title of motion[1])*: Motion for fines and/or disgorgement of fees under §110 against bankruptcy petition preparer |

PLEASE TAKE NOTE that the order titled  Order on U.S. Trustee's motion under 11 U.S.C. § 110 for fines and/or disgorgement of fees against bankruptcy petition preparer

was lodged on *(date)*  11/17/2015   and is attached. This order relates to the motion which is docket number  109

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                         Page 1                              F 9021-1.2.BK.NOTICE.LODGMENT

PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
RON MAROKO, State Bar No. 124770
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Boulevard, Suite 1850
Los Angeles, California 90017
(213) 894-4520 telephone; (213) 894-2603 facsimile
Email: ron.maroko@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - Los Angeles Division

| | |
|---|---|
| In re:<br><br>**JANICE RENE HAYNES,**<br><br>      Debtor. | Case No.: 2:14-bk-31355-NB<br>Chapter 7<br><br>ORDER ON U.S. TRUSTEE'S MOTION UNDER 11 U.S.C. §110 FOR FINES AND/OR DISGORGEMENT OF FEES AGAINST BANKRUPTCY PETITION PREPARER<br><br>DATE: November 10, 2015<br>TIME: 11:00 am<br>CTRM: 1545 |

  The Court heard the United States Trustee's motion under 11 U.S.C. §110 (docket #109) at the above date and time. Ron Maroko appeared on behalf of the United States Trustee. Timothy K. Quick appeared on behalf of Trevor Budhu. Trevor Budhu was also present. The Court issued a tentative ruling, which is attached and incorporated herein as though set out in full. The parties also reached an agreement on the record related to the payment terms. Based upon the record, the aforementioned tentative ruling, which included findings of fact and conclusions of law, the agreement of the parties, as represented on the record, and GOOD CAUSE appearing,

  **IT IS HEREBY ORDERED** that the United States Trustee's motion is granted.

  **IT IS FURTHER ORDERED** that:

  1. For violations of 11 U.S.C. §110, as described in the United States Trustee's Motion, Trevor Budhu and One Stop Legal Docs are jointly and severally fined $2,000.00.

  2. Trevor Budhu and One Stop Legal Docs are jointly and severally ordered to disgorge

1

$200.00 of monies received from debtor or on behalf of debtor, and turn over that $200.00 in certified funds payable to **Janice Rene Haynes**.

      3. Trevor Budhu and One Stop Legal Docs are jointly and severally ordered to pay $2,000.00 in liquidated damages under 11 U.S.C. § 110(i) in certified funds payable to **Janice Rene Haynes**.

**IT IS FURTHER ORDERED** that Trevor Budhu and One Stop Legal Docs shall pay the amounts ordered herein as follows:

    (1) for the $200.00 disgorgement, deliver the funds to Janice Rene Haynes, 4859 W. Slauson #174, Los Angeles, CA 90056, by January 5, 2016.

    (2) for the $2,000.00 liquidated damage award, deliver the funds to Janice Rene Haynes, 4859 W. Slauson #174, Los Angeles, CA 90056, at a rate of $200.00 per month, due on or before the 5th day of the month. First payment is due on or before February 5, 2016. The entire damage award must be paid by November 5, 2016.

    (3) for the $2,000.00 fine, deliver the funds to the Office of the United States Trustee, 915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017, attn: Ron Maroko, at a rate of $200.00 per month, due on or before the 5th day of the month. First payment is due on or before December 5, 2016. The entire fine amount must be paid by September 5, 2017.

    (4) Should Janice Rene Haynes move from the 4859 W. Slauson #174 address, Trevor Budhu and One Stop Legal Docs shall deliver payment to her at the new address designated on a change of address form filed with the United States Bankruptcy Court.

    (5) Should Trevor Budhu and One Stop Legal Docs fail to pay the $200.00 fine by January 5, 2016 or the $2,000.00 damage award in full by November 5, 2016, the United States Trustee may request that the Court amend this order, to require that the fine amount of $2,000.00 be due and payable in full upon entry of the amended order, upon submission of an amended order and declaration of non-payment.

**IT IS FURTHER ORDERED** that by January 20, 2016, Trevor Budhu and One Stop Legal Docs shall file a declaration with this Court in this case attesting to compliance with this Order, and attaching evidence of the payments ordered herein, including copies of cashier's check(s) or money

1 order(s). The failure to file this declaration with the Court is presumptive evidence that the
2 disgorgement payment was not made to Janice Rene Haynes, consistent with this Order, and may
3 subject Trevor Budhu and One Stop Legal Docs to a motion for additional fines under 11 U.S.C. §
4 110(h)(5).

5 **IT IS FURTHER ORDERED** that by November 20, 2016, Trevor Budhu and One Stop
6 Legal Docs shall file a declaration with this Court in this case attesting to compliance with this
7 Order, and attaching evidence of the payments ordered herein, including copies of cashier's
8 check(s) or money order(s). The failure to file this declaration with the Court is presumptive
9 evidence that the liquidated damage payment was not made to Janice Rene Haynes, consistent with
10 this Order, and may subject Trevor Budhu and One Stop Legal Docs to a motion for additional fines
11 under 11 U.S.C. § 110(h)(5).

12 **IT IS SO ORDERED.**
13 ###

**BUREAU OF REAL ESTATE**
320 W. 4TH STREET, SUITE 350
LOS ANGELES, CA 90013-1105
(213) 620-2072

October 28, 2015

JANICE HAYNES
4859 W SLAUSON AVE #174
LOS ANGELES CA 90056

RE: PC # 5-15-1028-003
      BMP Realty Inc ; Keller Williams Realty Pelosi Partners

Dear Janice Haynes:

This will acknowledge receipt of your correspondence received on 10/13/2015. Your correspondence is currently under review.

When we have completed our review, you will be notified of our final disposition. Should you have reason to contact us, please do so in writing to the above-shown address and to the attention of our "Pre-Complaint Section," making reference to the above-specified CalBRE file number.

Thank you for contacting the Bureau of Real Estate.

Sincerely,

Kevin M. Cohen
Program Technician III
Los Angeles Enforcement Office

KMC