JANICE HAYNES
4859 West Slauson, #174
Los Angeles, CA 90056
(310)529-0581

AMENDED

2016 JAN 25 PM 12:50

Appellant, Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DISTRICT

In re

JANICE HAYNES,

Appellant.

CASE NO. 2:15-cv-04236-AB
CASE NO.: 2:15-cv-07159AB

BK. NO.: 2:14-bk-31355

DESIGNATION OF RECORD ON APPEAL

Appellant JANICE HAYNES, hereby designates her elected record on appeal from United States Bankruptcy Court, Central District Of California, Case No. 2:14-bk-31355 in the courtroom of the Honorable Neil Basil, judge, presiding, re an order denying motion to convert Chapter 7 to Chapter 13, dated August 26, 2015, as follows:

See Attachment

///
///
///

DESIGNATION OF RECORD ON APPEAL-J.HAYNES                                    Page 1

## Notice Of Designation Of Record

| Document No. | Document Title and Description | Date filed |
|---|---|---|
| 162 | BNC Notice 156 Motion for fines and /or disgorgement | 11/20/15 |
| 156 | ORDER on U.S Trustee's Motion under 11 U.S.C. section 110 11/1/15 For Fines and Disgorgement of fees against bankruptcy preparer | 11/18/15 |
| 155 | Notice of lodgment of order granting UST motion under sec. 110 Filed by US Trustee | 11/17/15 |
| 153 | Order Granting telephonic request for hearing on shorten notice | 11/16/15 |
| 146 | Order Denying Ex Parte Application for Order Shortening Time for Motion for Motion for Order to Set Aside and Vacate Order for Sale of Real Property Of Estate Re Trustee's Failure to Timely Lodge and File Said Order Within 7 days as Ordered by the Court (Related Doc #145) | 11/06/15 |
| 145 | Ex Parte Application for Order Shortening Time for Motion for Order to Set Aside and Vacate Order for For Sale Of Real Property | 11/06/15 |
| 143 | Order (A) Granting Motion for Order: (1) Authorizing Sale of Real Property; (2) Approving Overbid Procedure; (3) Approving payment of Commissions; and (4) Finding Purchaser is a Good Faith Purchaser; and (4) Finding Purchaser is a Good Faith Purchaser; and (B) Sustaining Chapter 7 Trustee's Evidentiary Objections(BNC-PDF) **Related Doc# 127** | 11/05/15 |
| 142 | Notice of lodgment of Order Granting Motion Motion for Order (1) Authorizing Sale of Real Property; (2) Approving Overbid Procedure; (3) Approving Payment Of Commissions; and (4) Finding Purchaser is a Good Faith Purchaser; Memorandum Of Points and Authorities | 11/04/15 |
| 140 | Hearing Held on 10/27/15 GRANTED | |

APPEALLANT'S DESIGINATION OF RECORD

2

| | | |
|---|---|---|
| 137 | Objection(related document(s): 133 Memorandum of Points and Authorities filed by Debtor Janice Rene Haynes) Chapter 7 Trustee's Evidentiary Objections to Memorandum of Points and Authorities in Opposition to Trustee's Motion for Order (1) Authorizing Sale of Real Property (2) Approving Overbid Procedure; (3) Approving Payment of Commissions; And (4) Finding Purchaser is a Good Faith Purchaser And Exhibits Thereto | 10/20/15 |
| 133 | Memorandum of Points in Opposition to trustee's Motion for Order (1) Authorizing Sale of Real Property; (2) Approving Overbid Procedure; (3) Approving Payment of Commissions; and (4) Finding Purchaser is a Good Faith Purchaser | 10/06/15 |
| 129 | Notice of sale of estate property (LBR 6004-2) Real Property at 1929 Barton way, Hayward | 10/06/15 |
| 128 | Notice of motion/ application (related document(s) 127 Motion Motion for Order | 10/06/15 |
| 127 | Motion Motion for Order (1) Authorizing Sale Of Real Property (2) Approving Overbid Procedure; (3) Approving Payment of Commissions; and (4) Finding Purchaser is a Good Faith Purchaser; Memorandum Of Points and Authorities; and Declarations in Support Thereof | 10/06/15 |
| 116 | Notice of Appeal and Statement Of Record | 09/08/15 |
| 115 | Adversary case 2:15-ap-01484 Complaint by Janice Haynes against Office Of United States Trustee, Timothy Yoo Panel trustee, Timothy Yoo an individual, Levene, Neal, Bender, Yoo & brill, LLP General Counsel, And John Does 1 Through -20, Inclusive. (Charge To Estate). Nature of Suit: (21 Validity, priority or extent of lien or other interest in property)),(72 ( (Injunctive relief-other)), (91 (Declaratory judgment)), (01 (Determination of removed claim or cause)) | 09/08/15 |
| 110 | Order Denying ORDER Shortening Time and denying underlying motion with Prejudice (BNC-PDF) (Related Doc #108) | 08/26/15 |

APPEALLANT'S DESIGNATION OF RECORD

3

| | | |
|---|---|---|
| 109 | Motion for fine and/or disgorgement of fees against bankruptcy petition preparer Trevor Budhu | 08/26/15 |
| 108 | Application shortening time *Application for order setting Hearing on shorten notice* | 08/26/15 |
| 107 | Emergency motion To Apply Homestead Exemption and Convert to Chapter 13 | 08/26/15 |
| 105 | Continuance of Meeting of Creditors (rule 2003 (e) (Trustee's 341 Filings )States Debtor absent (incorrect Debtor attended | 07/22/15 |
| 89 | Order denying motion for reconsideration | 06/10/15 |
| 88 | Order Authorizing Trustee To Employ Keller Williams | 06/10/15 |
| 83 | Notice of Motion and Motion for Order to set aside and Void Order Denying Conversion To Chapter 13 | 06/08/15 |
| 74 | Order Denying Debtor's Motion to Convert Chapter 7 to Chapter 13 | 05/27/15 |
| 73 | Notice of lodgment of Order Denying Debtor's Motion Debtor's Motion to Convert Chapter 7 to 13 | 05/27/15 |
| 72 | Proof of Service Supplemental Proof of Service of (1) Chapter 7 Trustee Opposition to Debtor's Motion to (2) Request for Judicial Notice In Support Of Chapter 7 Opposition To Debtor's Motion to Convert 7 to 13 | 05/26/15 |
| 71 | Request For Judicial Request for Judicial notice in support Of Trustee's Opposition to Debtor's Motion to convert Chapter 7 Case to Chapter 13 | 05/26/15 |

| Document No. | Document Title and Description | Date filed |
|---|---|---|
| 70 | Opposition to Motion to Convert Case from Chapter 7 Case to Chapter 13 | 05/25/15 |
| 68 | Notice Of Motion/application Notice of Filing of Application to employ Keller Williams | 05/21/15 |
| 67 | Application to Employ Keller Williams Realty as Real Estate Broker Application of Chapter 7 trustee to Employ Keller Williams into Exclusive Listing Agreement | 05/21/15 |
| 66 | Amended Notice of Debtor Motion To Convert Case Amended Motion to convert Chapter 7 to 13 | 05/14/15 |
| 65 | Amended Motion To Case from Chapter 7 to 13 | 05/14/15 |
| 64 | Notice of Debtor's Motion to Convert Case | 05/12/15 |
| 63 | Motion to Convert to Chapter 13 | 05/12/15 |
| 58 | Order that case should not be dismissed notwithstanding Debtor's failure to make final filing fee installment payment. | 04/24/15 |

| Document No. | Document Title and Description | Date filed |
|---|---|---|
| 54 | Order Granting Motion for Order Disallowing Debtor's claim of Exemption | 04/21/15 |
| 53 | Order Denying Debtor's Motion for Reconsideration of Order Authorizing Trustee to Employ Levene, Neale Bender, Yoo & Brill LLP as General Bankruptcy Counsel. | 04/21/15 |

| # | Description | Date |
|---|---|---|
| 52 | Order Denying Debtor's Motion for Voluntary Dismissal of Chapter 7 Case | 04/21/15 |
| 50 | Notice of lodgment of Order Denying Debtor's Motion For Reconsideration Of Order Authorizing Trustee to to Employ Levene, Neale, Bender, Yoo & Brill LLP as General Bankruptcy Counsel. | 04/20/15 |
| 49 | Notice of lodgment *of Order Denying Debtor's Motion Voluntary Dismissal of Chapter 7 Case.* | 04/20/15 |
| 47 | Hearing held 04/14/15 Denied | 04/17/15 |
| 46 | Hearing held 04/14/15 Denied | 04/17/15 |
| 45 | Hearing held 04/14/15 Granted Documents Timothy Yoo | 04/17/15 |
| 44 | Hearing set for Status Conference Hearing | 04/14/15 |
| 35 | Hearing Held on 03/10/15 (RE: related document(s) 25 Motion --and notice of action to Reconsider an order authorizing trustee to employ Levene, Neale, Bender, Yoo and Brill LLP as general bankruptcy counsel | 03/19/15 |

Dated January 25, 2016

## Notice Designation Reporter's Transcript

Appellant respectfully requests that the reporter's transcripts in paper format and a second copy in computer –readable format. Appellant respectfully request that the following proceeding in the United States Bankruptcy Court Central District of California be included in the proceedings.

Respectfully submitted,

Dated January 25, 2016

JANICE HAYNES
4859 W. Slauson Ave #174
Los Angeles, CA 90056
310 529-0581
e-mail twosweet88@yahoo.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT

## Statement Of Issues On Appeal

Janice Haynes (" Appellant") makes the following Statement Of Issues On Appeal Order Denying Motion for Voluntary Dismissal of Chapter 7. Order Denying Motion to Convert Chapter 7 Case to Chapter 13. Order Denying Motion for Homestead Exemption and to convert Chapter 7 Case to Chapter 13. Status Conference Hearing changed to a Motion without Debtor being properly notified. Order to sale debtor' home. Order to employ broker. Order to vacate and set aside judgment to sale debtors' home.

1. Whether the Bankruptcy Court showed bias when denying all Motions by the Debtor?
2. Whether the Bankruptcy Court showed bias against the Debtor for being in Pro Per?
3. Whether the Bankruptcy Court improperly changed a Status Conference Hearing to a Motion was it bias toward the Debtor?
4. Whether the Bankruptcy Court abuse it's discretion by showing prejudice toward the Debtor by denying all motion?
5. Denying Motions for all submissions by Debtor and Debtors counsel clearly demonstrates an egregious example of judicial bias in favor of the Trustee's.

4. Whether the Court err by ignoring Debtors extortion argument against the Bankruptcy Trustee and his counsel?

5. Whether the Court continued to ignore all arguments to dismiss the case once discovered Debtor was in the incorrect forum ?

6. Whether the Court err when discovered the Debtor was given incorrect legal advice ?

8   Whether the Court err when it was brought to the court attention that the Trustee and counsel attempted to illicit illegal funds?

9   Whether the Court ignored interference from Trustee and his Counsel to prevent Debtor's ability to claim homestead?

10. Whether the Court ignored all actions by the trustee and his counsel regarding F.R.B.P ?

11. Whether this case was under proper Jurisdiction to determine this case at all ?

12. Whether the U.S Bankruptcy Court had jurisdiction to hear a U.S Tax Court matter being dealt with by the debtor and the IRS ?

13. Whether the trustee can be self-serving that they become the center of a bankruptcy case around themselves to profit ?

14. When is the U.S trustee's immunity extinguished when he or she violates their bond of trust?

15. Whether the bankruptcy court or trustee has the right not to release the debtor when it shows that there would be more harm to the debtor than any creditor ?

16. Whether the U.S Bankruptcy Court have the right to exasperate the insolvency of a debtor ?

17. Whether a debtor is subject to a lifetime of insolvency because they had something worth protecting ?

18. Whether the trustee is privy to the debtors' circumstances and uses the information to acquire administrative fees?

19. Whether the trustee can create billing by administrating to an invalid claim ?

20. Whether the trustee and his counsel can create fraudulent billing ?

21. Whether the trustee and his counsel resorted to extortion so they could sale the debtors' home.

22. Whether the trustee and his counsel negotiated in bad faith ?

23. Whether the trustee's counsel perjury herself in court?

24. Whether the trustee and his counsel tried to illicit illegal finds from debtor?

25. Whether the trustee and his counsel engaged in self-serving to acquire the property so to profit from the transaction?

Respectfully submitted,

Dated January 25, 2016

*Janice Haynes*
Janice Haynes

APPEALLANT'S DESIGINATION OF RECORD