JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: JANICE RENE HAYNES,<br><br>Chapter 7 Debtor<br><br>---<br><br>JANICE RENE HAYNES,<br><br>Appellant,<br><br>v.<br><br>TIMOTHY J. YOO, CHAPTER 7 TRUSTEE,<br><br>Appellee. | Case Nos. CV 15-04236-AB<br>**CV 15-07159-AB**<br><br>Appeals from Bk. No. 14-bk-31355-NB<br><br>ORDER **AFFIRMING** BANKRUPTCY COURT ORDERS |

Appellant Janice Rene Haynes ("Appellant"), appearing pro se, appeals from two orders of the bankruptcy court. For both appeals, Appellee Timothy J. Yoo, Chaper 7 Trustee ("Trustee") filed responsive memoranda, and Appellant filed reply memoranda. Also in both appeals, Appellant filed multiple corrected memoranda, amended memoranda, supplemental exhibits, and the like. In light of Appellant's pro se status, the Court accepted these filings, but the result is a confusing docket. For any memorandum as to which Appellant made multiple filings, the Court will treat the

1.

final filing as the operative one. As such, the Court considered the following memoranda: in Case No. 15-04236, Dkt Nos. 30, 39, 49; in Case No. 15-07159, Dkt. Nos. 51, 54, 65.

**I.    BACKGROUND**

Both appeals concern the bankruptcy court's denial of Appellant's motions to convert her Chapter 7 case to a Chapter 13 case.[1] Appellant claimed that she was given bad advice by a non-lawyer bankruptcy preparer to file her bankruptcy under Chapter 7, but she would have been better off not filing at all or filing under Chapter 13. Appellant therefore first sought to dismiss the case; the bankruptcy court denied that motion, and Appellant has not appealed that order. Appellant thereafter moved to convert her case from Chapter 7 to Chapter 13, but the court denied those motions.

In Case No. 15-04236, Appellant appeals the bankruptcy court's 05/27/2015 Order Denying Debtor's Motion to Convert Chapter 7 Case to Chapter 13. *See* Supplemental Excerpts of Record ("SER," Dkt. No. 40), Exs. 4, 5 ("First Motion"); Exs. 6, 7 (Trustee's Opposition and RJN); Ex. 9 ("First Order," Bk. Dkt. No. 74); Ex. 10 (Notice of Appeal).

In Case No. 15-07159, Appellant appeals the bankruptcy court's 08/26/2015 Order Denying Application for Order Setting Hearing on Shortened Notice and Denying Underlying Motion with Prejudice. *See* SER (Dkt. No. 55), Exs.11, 12 ("Second Motion"); Ex. 13 ("Second Order" (Bk. Dkt. No. 110)); Ex. 14 (Notice of Appeal).

The Court notes that substantial portions of Appellant's memoranda are unintelligible or concern matters not on appeal, and that the memoranda include only a few citations to the record. Furthermore, Appellant's reply memoranda are largely

---

[1] Appellant's memoranda in both appeals also argue that the bankruptcy court's 04/21/2015 Order Denying Motion for Voluntary Dismissal of Chapter 7 Case was erroneous, but Appellant's notices of appeal do not include this Order. Therefore, that Order is not before the Court on appeal.

2.

non-responsive to the Trustee's memoranda, and instead mostly repeat the same arguments Appellant made in her opening memoranda.

The district court has jurisdiction to hear these appeals pursuant to 28 U.S.C. §158(a). The Court will first address Case No. 15-04236.

## II. STANDARD OF REVIEW

The standard of review is the same in for both appeals.

A district court may hear appeals from "final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. §158(a). A bankruptcy court's findings of fact are reviewed under the "clearly erroneous" standard, and its conclusions of law are reviewed *de novo*. *Compton Impressions, Ltd., v. Queen City Bank, N.A. et al. (In re Compton Impressions, Ltd).,* 217 F.3d 1256, 1260 (9th Cir. 2000); Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

A bankruptcy court's decision on a matter subject to its discretion will not be set aside unless there is plain error or abuse of discretion. An order regarding conversion of a case is reviewed for abuse of discretion. *Beatty v. Traub (In re Beatty),* 162 B.R. 853, 855 (9th Cir. BAP 1994); *Rosson v. Fitzgerald (In re Rosson)*, *545* F.3d 764, 771(9th Cir. 2008) (denial of debtor's request for dismissal of Chapter 13 case and to convert to Chapter 7 is reviewed for abuse of discretion).

Whether a bankruptcy court has abused its discretion is determined by a two-part test. First, the appellate court determines *de novo* whether the bankruptcy court identified the correct legal rule to apply to the relief requested. Second, if the bankruptcy court correctly applied the legal rule, then its factual findings are examined for clear error. The bankruptcy court's factual findings are affirmed unless it is determined that those findings are "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.' ". *United States*

*v. Hinkson,* 585 F.3d 1247, 1261-62, n.20 (9th Cir. 2009*) (en banc).*

### III. DISCUSSION

#### A. The Order Denying Appellant's First Motion to Convert is <u>AFFIRMED</u> (Case No. 15-04236)

Appellant appeals the bankruptcy court's order denying her First Motion to convert her Chapter 7 case to a Chapter 13 case. Appellant argued that she was given bad advice to file under Chapter 7 and that she should have filed, if at all, under Chapter 13 instead, so she moved to convert the case. Appellant contends that the order denying her motion was in error for three reasons. None of them has merit.

First, Appellant argues that the Trustee's opposition to her motion to convert was untimely and that it was an abuse of discretion for the bankruptcy court to consider it. Appellant filed her notice of and motion to convert on May 12, 2015. Under Bankruptcy Rule 9013-1(o)(1), any written objection was to be filed within 14 days of the service of the notice. Thus, the deadline to oppose was May 28, 2015; the Trustee filed his opposition on May 25, 2015, so it was timely. Appellant says the Trustee's opposition was untimely because the bankruptcy judge ordered filings to be submitted at least 7 days before May 26, 2015, which would be May 19, 2015. But upon review of the full transcript Appellant cites, the judge was not referring to filings on the motion to convert, but to filings related to the status conference also scheduled for May 26, 2015. This ground of the appeal is therefore unfounded.

Second, Appellant argues that her motion to convert should have been granted because she did not have any creditors to protect under Chapter 7, including the Internal Revenue Service ("IRS"). Appellant argues that the IRS did not want her tax debt to be in the bankruptcy case and instead wanted to resolve it in an ongoing case in tax court. The only evidence Appellant points to that the IRS was willing to waive its claim are Appellant's own difficult-to-follow statements about the IRS claim at a December 1, 2015 hearing—well after the bankruptcy court issued its May 27, 2015 Order that she appeals. It suffices to say that Appellant's unsubstantiated statements

4.

do not to establish the status of the IRS's claim. Appellant has not cited competent evidence that the IRS did in fact waive its claim, and the record establishes the contrary: as of August 8, 2017, the Claims Register for Appellant's bankruptcy case shows several extant claims, including an IRS clam of some $104,212. *See* Claims Register (Dkt. No. 40-4, Ex. 11, pp. 408-410).

Appellant finally argues that the bankruptcy judge was biased against her. The Court has reviewed Appellant's assertions and they establish only that she disagrees with his rulings. This does not establish "bias." Furthermore, the Court has examined the partial transcripts of the March 10, 2015 and April 14, 2015 hearings that Appellant provided and these portions do not evidence bias against her; rather, they show that the judge attempted to find some remedy for Appellant.

Although the Order does not expressly provide the bankruptcy court's reasoning, it does state that the court considered the memoranda and the arguments presented at hearings on March 10, 2015 and April 14, 2015. The memoranda before the bankruptcy court present the applicable legal standards, and the Court finds that the bankruptcy court applied them, and that it did not abuse its discretion in denying Appellant's motion. The bankruptcy code provides that a "debtor may convert a case," but "a case may not be converted. . . unless the debtor may be a debtor under such chapter." 11 U.S.C. § 706. A person "may be a debtor" under Chapter 13 only if she is "an individual with regular income." 11 U.S.C. §109(e). Here, Appellant's schedules reflect that she was not employed and had a negative net monthly income, so she was not an "individual with regular income" and was not qualified to be a debtor under Chapter 13. The bankruptcy court therefore did not err in denying Appellant's motion to convert.

### B. The Order Denying Appellant's Second Motion to Convert is **AFFIRMED** (Case No. 15-07159)

Appellant appeals the bankruptcy court's August 26, 2015, Order Denying Application for Order Setting Hearing on Shortened Notice and Denying Underlying

Motion with Prejudice. Appellant's underlying motion, filed earlier on August 26, 2015, was entitled Emergency Motion to Apply Homestead Exemption and Convert to Chapter 13 ("Second Motion"). After reviewing the Second Motion and the Order, the Court affirms.

In her Second Motion, Appellant sought to apply the homestead exemption to her Heyward rental property, and to convert from Chapter 7 to Chapter 13. The bankruptcy court ruled that the homestead exemption did not apply to the Heyward rental property because Appellant was not living there either when she filed the case or when she filed the motion. This correctly applies the law governing whether a dwelling is a debtor's "homestead." *See* Cal. Code Civ. P. § 704.710(c) (defining "homestead"). Appellant sought the homestead exemption because she felt that she should not have filed for bankruptcy either at all or under Chapter 7, but as the bankruptcy court noted, that circumstance does not allow the court to disregard the law governing the homestead exemption. The bankruptcy court therefore did not abuse its discretion in not allowing Appellant the apply the homestead exemption to the Heyward rental property.

In her Second Motion, Appellant also again sought to convert from a Chapter 7 to a Chapter 13 case. Appellant argued that she could obtain contributions from friends and family to pay the trustee and to fund a plan. The bankruptcy court noted that, in connection with Appellant's First Motion to convert, the court said that no such motion would be granted "unless, <u>at a minimum</u>, (a) the Debtor compensated the chapter 7 trustee. . . and (b) the Debtor proposed a viable chapter 13 plan." *See* Second Order (emphasis in original). But, while the Second Motion purported to attach declarations from the donors, no such declarations were actually filed, nor did Appellant file any actual proposed Chapter 13 plan showing how she could pay in full her creditors or the Chapter 7 trustee. This reasoning is consistent with the applicable legal standard governing eligibility for Chapter 13. Appellant argues that she was entitled to automatically convert her case, but as discussed above, a case cannot be

converted to a Chapter 13 case unless the debtor is eligible under Chapter 13, and here, Appellant was simply not eligible under Chapter 13.

In sum, the bankruptcy court did not abuse its discretion in denying Appellant's Second Motion.

## IV. CONCLUSION

For the foregoing reasons, the Orders appealed from are **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: January 5, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

CC: Bankruptcy Court and BAP